UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEXANDRA TRAN and TRAN DAUGHTER C.M., a minor,

       Plaintiffs,

 - against -

FARMERS GROUP INC., FARMERS INSURANCE EXCHANGE, FIRE INSURANCE EXCHANGE, FARMERS INSURANCE COMPANY, INC., MID-CENTURY INSURANCE COMPANY, and DOES 1 through 10, inclusive,

       Defendants.

**OPINION & ORDER**

No. 17-CV-3907 (CS)

---

Appearances:

James P. Demers
Cittone & Chinta LLP
New York, New York
*Counsel for Plaintiffs*

Daniel W. Levin
Marshall Dennehey Warner Coleman & Goggin
Melville, New York
*Counsel for Defendants*

Seibel, J.

  Before the Court are: 1) the motion to dismiss of Defendants Farmers Group Inc. ("Farmers Group"), Farmers Insurance Exchange ("Farmers Exchange"), Fire Insurance Exchange ("Fire Exchange"), Farmers Insurance Company Inc. ("Farmers Insurance"), and Mid-Century Insurance Company ("Mid-Century"), (Doc. 24); and 2) the cross-motion to dismiss of Plaintiffs Alexandra Tran and Tran Daughter C.M., (Doc. 28). For the following reasons, both motions are GRANTED.

1

I.  **BACKGROUND**

I accept as true the facts, but not the conclusions, set forth in Plaintiffs' Third Amended Complaint. (*See* Doc. 22 ("TAC").)

A.  **The Parties**

Plaintiffs Alexandra Tran and her daughter C.M. are citizens of New York. (*Id.* ¶ 5.) All Defendants maintain their principal places of business in California. (*Id.* ¶¶ 6-10.) Mid-Century and Farmers Group are incorporated under the laws of California and Nevada, respectively. (*Id.* ¶¶ 6-7.) Farmers Exchange and Fire Exchange are California-domiciled reciprocal insurance organizations organized under California Insurance Code §§ 1300 *et seq.* (*Id.* ¶¶ 8-9.) Farmers Insurance is a corporate subsidiary of Farmers Exchange, organized under the laws of the State of Kansas. (*Id.* ¶ 10.)

B.  **Plaintiffs' Insurance Claim**

Plaintiffs own a vacation home in California (the "Property"), which was insured by a policy issued by Defendants, effective July 25, 2014 through July 24, 2015. (*Id.* ¶ 21.) On April 11, 2015, Plaintiffs were occupying the Property when it was flooded from a sewer backup, resulting in water damage to the entire first floor, including the main living room, the kitchen, the main bedroom, and a bathroom. (*Id.* ¶ 23.) As a result, Plaintiffs tendered a claim for coverage under their insurance policy to Defendants on April 20, 2015, and Defendants acknowledged coverage. (*Id.* ¶ 24.)

In a letter dated April 28, 2015, Defendants agreed to compensate Plaintiffs $52,120.25 for the water damage and $32,000.00 for living expenses for an estimated four months of repair. (*Id.* ¶ 25.) On May 5, 2016, Plaintiffs gave Defendants evidence of $61,731.69 in living expenses incurred during the period of April 11, 2015 through April 30, 2016. (*Id.* ¶ 26.)

Plaintiffs also sought compensation for an additional $5,391.06 in living expenses incurred in August 2016. (*Id.*) Defendants, in letters dated June 6, 2016 and December 9, 2016, approved coverage for only $32,000 for four months of living expenses, stating that "four months is the reasonable repair time." (*Id.*) Plaintiffs disagree with Defendants' opinion of the reasonable repair time, noting that the repair and remediation lasted from May 2015 through September 2016 due to extensive water damage and the discovery of black mold caused by the water damage. (*See id.*)

By letter dated December 9, 2016, Defendants denied Plaintiffs' request for $81,673.80 to perform all remediation, painting, repairs of furniture, and testing required by California law, claiming that compensation was contingent on obtaining additional information from Plaintiffs' contractor. (*Id.* ¶ 27.) Plaintiffs allege that Defendants' denial was in bad faith because they had given Defendants the invoices from the contractor and subcontractors. (*Id.*) Plaintiffs also note that they fully cooperated with Defendants by agreeing to an inspection of the Property by Defendants' experts on September 6, 2016, during which the experts threatened to report Plaintiffs' contractor to the state licensing authorities for fraud. (*Id.* ¶ 26.)

### C. Procedural History

Plaintiffs filed their original complaint on May 23, 2017, naming Farmers Group, Farmers Insurance, Farmers Exchange, Truck Insurance Exchange, Mid-Century, Fire Exchange, and Does 1-10 as Defendants. (Doc. 1 ("Compl.").) Plaintiffs alleged diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and brought statutory claims under the California Business and Professions Code §§ 17200 *et seq.* and the California Insurance Code §§ 790 *et seq.*, as well as common-law claims for breach of contract and breach of the implied covenant of good faith and fair dealing. (Compl. ¶¶ 5, 18-35.)

3

On June 6, 2017, Plaintiffs filed their First Amended Complaint ("FAC") alleging the same claims against fewer Defendants: Farmers Group, Farmers Insurance, Mid-Century, and Does 1-10. (Doc. 4.) With leave of Court, (Doc. 9), Plaintiffs then filed their Second Amended Complaint ("SAC") on July 7, 2017, (Doc. 10).

On September 1, 2017, Defendants Farmers Group, Farmers Insurance, and Mid-Century filed a letter seeking a pre-motion conference in anticipation of a motion to dismiss, (Doc. 16); Plaintiffs responded on September 29, 2017, (Doc. 18); and the parties appeared for a pre-motion conference on October 5, 2017, (Minute Entry dated Oct. 5, 2017). At the conference, I reviewed Defendants' grounds for dismissal with the parties and gave Plaintiffs the opportunity to amend their complaint to address the potential deficiencies in their pleading. (*See id.*) On October 20, 2017, Plaintiffs filed the TAC, re-introducing two defendants named in the original complaint: Farmers Exchange and Fire Exchange. (TAC ¶¶ 8-9.)

On November 9, 2017, Defendants moved to dismiss the TAC under Fed. R. Civ. P 12(b)(1) for lack of subject matter jurisdiction, (Doc. 24), arguing that Plaintiffs and Defendant Farmers Exchange are citizens of New York, thus destroying complete diversity between the parties, (Doc. 25 ("Ds' Mem.") at 18)). In the alternative, Defendants moved to dismiss under Rule 12(b)(2) for lack of personal jurisdiction; Rule 12(b)(3) for improper venue; and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Ds' Mem. at 1, 18.) Plaintiffs did not submit a traditional opposition in response; they submitted a "cross-motion to dismiss" the TAC on Rule 12(b)(1)-grounds only, (Doc. 28), arguing that such dismissal should be without prejudice, (Doc. 29 ("Ps' Mem.") at 1)). Defendants responded by arguing that Plaintiffs' cross-motion to dismiss should be deemed a request for voluntary dismissal under Rule 41(a) and urging the Court to consider sanctions pursuant to Rule 11. (Doc. 31 ("Ds'

Reply") at 8-9.) Plaintiffs submitted a letter opposing such relief and requesting leave to file a sur-reply memorandum. (Docs. 32, 33.) The Court has considered Plaintiffs' arguments in that letter and does not believe that an additional memorandum is warranted.

## II. LEGAL STANDARD

"A federal court has subject matter jurisdiction over a cause of action only when it 'has authority to adjudicate the cause' pressed in the complaint." *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008) (quoting *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007)), *rev'd en banc on other grounds*, 585 F.3d 559 (2d Cir. 2009). "Determining the existence of subject matter jurisdiction is a threshold inquiry, and a claim is 'properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" *Id.* (citation omitted) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "When jurisdiction is challenged, the plaintiff bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists, and the district court may examine evidence outside of the pleadings to make this determination." *Id.* (citations and internal quotation marks omitted). "[T]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted), *aff'd on other grounds*, 561 U.S. 247 (2010). When a defendant moves to dismiss both for lack of subject matter jurisdiction and on other grounds such as failure to state a claim upon which relief can be

granted, the Court must address the issue of subject matter jurisdiction first. *See Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990).

## III. DISCUSSION

### A. Subject Matter Jurisdiction

Defendants argue that the TAC should be dismissed for lack of subject matter jurisdiction. Plaintiffs agree and so does the Court.

The TAC alleges diversity of citizenship of the parties as the basis for subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). (TAC ¶ 13.) The party seeking to invoke diversity jurisdiction "'bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'" *DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 559 (S.D.N.Y. 2018) (quoting *Advani Enters. Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998)).

Defendant Farmers Exchange is organized under California Insurance Code §§ 1300 *et seq.* as a reciprocal or interinsurance exchange. (*See* TAC ¶ 8.) Under California law, an interinsurance exchange "is not a corporation," *Indus. Indem. Exch. v. State Bd. of Equalization*, 161 P.2d 222, 225 (Cal. 1945); it is "an unincorporated business organization of a special character in which the participants, called subscribers (or underwriters) are both insurers and insureds," *Indus. Indem. Co. v. Golden State Co.*, 256 P.2d 677, 680 (Cal. 1953).

> For the purpose of determining whether diversity jurisdiction exists, unincorporated associations have long been considered to be citizens of each and every state in which the association has members. Thus, if the unincorporated association party to a lawsuit has any member whose state citizenship coincides with the state citizenship of any of the opposing parties in the lawsuit, a federal district court has no diversity jurisdiction.

*Baer v. United Servs. Auto. Ass'n*, 503 F.2d 393, 395 (2d Cir. 1974); *see Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 242 (2d Cir. 1987) ("The citizenship of an unincorporated association for diversity purposes has been determined for [over] 100 years by the citizenship of

each and every member of that association.") (collecting cases). Defendants argue that Farmers Exchange has members who are citizens of New York – presumably including Plaintiff Alexandra Tran, who avers that she is a citizen of New York, (TAC ¶ 5) – which means Farmers Exchange has New York citizenship. (Ds' Mem. at 7).[1] Thus, the inclusion of Farmers Exchange as a named defendant destroys complete diversity, which was Plaintiffs' only basis for subject matter jurisdiction. The Court therefore lacks subject matter jurisdiction and must dismiss.

### B.   Dismissal Without Prejudice

As the parties agree, (Ps' Mem. at 1; Ds' Reply at 4,) a dismissal for lack of subject matter jurisdiction must be entered without prejudice. *See Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017) ("Plaintiff's suit was thus properly dismissed for lack of subject matter jurisdiction, but such a dismissal must be entered *without prejudice*.") (emphasis in original); *Feliciano v. 131 St. Block Ass'n*, No. 09-CV-2474, 2011 WL 167842, at *1 (S.D.N.Y. Jan. 13, 2011) ("Dismissal [for] lack of subject matter jurisdiction . . . must, of course, be without prejudice."), *aff'd sub nom. Feliciano v. 131st Block Ass'n*, 468 F. App'x 41 (2d Cir. 2012) (summary order). In other words, "a dismissal for lack of subject matter jurisdiction is not an adjudication of the merits." *St. Pierre v. Dyer*, 208 F.3d 394, 400 (2d Cir. 2000).

Defendants nonetheless contend that Plaintiffs' cross-motion for dismissal is procedurally improper and should be treated as a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (Ds' Reply at 5.) Defendants argue that Plaintiffs, by moving to dismiss their own complaint

---

[1] Margaret Giles, an assistant secretary of Farmers Exchange, Fire Exchange, and Farmers Group, (Doc. 27 ¶ 1), alleges that Farmers Exchange "includes *residents* of the State of New York among its subscribers and policyholders," (*id.* ¶ 6 (emphasis added)). Because Plaintiffs do not contest Farmers Exchange's citizenship, for purposes of this motion, the Court assumes members of Farmers Exchange are both residents and citizens of the State of New York.

without prejudice rather than voluntarily dismissing the case pursuant to Rule 41(a), were attempting to avoid having a notice of dismissal count against them as a first filing under Rule 41(a)(1)(B),[2] and having to pay costs under Rule 41(d) if they re-file.[3] (*Id.*) In their sur-reply letter, Plaintiffs admit to the latter motive and also state that they did not want to "forfeit their action under the Statute of Limitations." (Doc. 32.)[4]

Defendants have a point. Had Plaintiffs voluntarily dismissed under Rule 41(a)(1)(A)(i), they would bear the burdens required by Rules 41(a)(1)(B) and 41(d). On the other hand, they were not required to do so. They could simply have consented to or not opposed Defendants' motion, and pointed out that that dismissal would have to be without prejudice. But they did not do that either. For some reason Plaintiffs chose to cross-move to dismiss under Rule 12(b)(1).[5] In doing so, they implicated Rule 41(a)(2), which provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Plaintiffs, via their cross-motion under Rule 12, request that I dismiss, so I may impose terms that I consider proper. Essentially for the reasons set forth by

---

[2] Rule 41(a)(1)(B) applies to voluntary dismissal through notice or stipulation of dismissal and provides that "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."

[3] Rule 41(d) provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

[4] Plaintiffs apparently seek to take advantage of New York Civil Practice Law & Rules Section 205(a) – or perhaps a California equivalent – which provides a six-month window to re-file a case after a dismissal, but only if, among other things, the case was not voluntarily dismissed. It is beyond the scope of this opinion to determine whether a subsequent court would regard as a voluntary dismissal a dismissal granted upon a defendant's motion without opposition from a plaintiff or upon a cross-motion by the plaintiff for the same relief.

[5] Plaintiffs note that their cross-motion to dismiss replicated the language of a similar plaintiff's opposition memorandum in *Hart v. Automobile Club Inter-Insurance Exchange*, No. 16-CV-14702, 2017 WL 2377036 (E.D. La. June 1, 2017). (Doc. 32.) But unlike Plaintiffs here, the plaintiff in *Hart* did not cross-move to dismiss. (Doc. 33 Ex. 1 at 1.)

Defendants and discussed below, I find it proper to: 1) treat Plaintiffs' cross-motion as a voluntary dismissal under Rule 41(a)(1)(A)(i) for purposes of Rule 41(a)(1)(B) (meaning that a subsequent voluntary dismissal will operate as an adjudication on the merits); and 2) require Plaintiffs' counsel (not Plaintiffs) to bear the responsibility for costs, if any, imposed under Rule 41(d) by a court in a subsequent action. I therefore grant the parties' motions to dismiss and dismiss the case without prejudice, conditioned on the two provisions just set forth.

### C. Rule 11 Sanctions

Defendants do not formally move for sanctions, but they suggest the Court consider imposing them *sua sponte*. (Ds' Reply at 6-8.) Rule 11 permits a court to impose sanctions *sua sponte* "after notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1); *see also id.* 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).").[6] I decline to order Plaintiffs or their counsel to show cause why their conduct should not result in sanctions, but I will take the opportunity to address the conduct.

In an email dated June 1, 2017, Defendants' counsel informed Plaintiffs' counsel of the legal rule that "[a] suit against an exchange is viewed as a suit against its members[, so a] New York resident will not be able to invoke federal diversity jurisdiction if she names as a defendant an exchange that writes insurance in New York." (Doc. 30 Ex. A.) Plaintiffs then filed the FAC on June 6, 2017, omitting the exchanges as named defendants. A few months later, the parties appeared for a pre-motion conference to discuss Defendants' grounds for dismissing the SAC, which also omitted the exchanges. (Minute Entry dated Oct. 5, 2017.) Plaintiff Alexandra Tran

---

[6] Sanctions may be imposed under Rule 11 if, among other things, an attorney files a pleading without a good-faith belief, "after an inquiry reasonable under the circumstances," that its "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

9

alleges that she thereafter "searched [her] insurance file dating from 1989 and found a policy dated about 2003 which [she] provided to [her] attorney for filing with the [TAC], and which [Plaintiff] believed was effective in 2015." (Doc. 32-1 ¶ 3.) That policy included a signature by Farmers Exchange, which led Tran to believe that Farmers Exchange had to be named as a defendant to ensure recovery. (*Id.* ¶ 4.) Her "online research" led her to believe that Farmers Exchange was a diverse California company and she did not realize until after Defendants filed their motion that Farmers Exchange was not diverse. (*Id.* ¶¶ 5-6.)

This response may explain why Tran thought inclusion of Farmers Exchange as a defendant was permissible, but Plaintiffs are not *pro se*; they are represented by an attorney. Rule 11 sanctions turn on whether the attorney, not the client, had a good faith basis for alleging that diversity exists. It is reasonable to infer from Plaintiffs' counsel's prior conduct – removing the exchanges as named defendants less than one week after receiving notice of information that would undercut diversity jurisdiction – that he understood that information. That makes his submission of the TAC all the more puzzling; on the one hand, he alleged diversity jurisdiction, while on the other hand he named a defendant that he knew would defeat diversity jurisdiction. His decision to file that complaint, rather than take the steps to transfer this case to the appropriate forum, has wasted the time and resources of the Defendants, the Court, and his clients. While the cross-motion to dismiss does not strike the Court as sanctionable, the filing of the TAC naming a non-diverse party does not seem to have been justifiable.[7] Plaintiffs' counsel

---

[7] Counsel's excuse – that "Plaintiff believed . . . that diversity was present" when the TAC was filed and thereafter "in good faith agreed to dismiss" once "Defendants cited the case law supporting the position that a suit against an exchange is viewed as a suit against its members," (Doc. 32 at 2) – is disingenuous. Regardless of what *Plaintiffs* believed, *Plaintiffs' counsel* had been advised months before that Farmers Exchange was a reciprocal exchange under California law that would defeat diversity. Yet he plainly failed to research the issue or take it into account before filing the TAC. It is irrelevant whether Defendants' counsel cited case law in advising Plaintiffs' counsel of his belief that inclusion of the exchanges would defeat diversity. Rule 11 requires an attorney to make "inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b). Defendants' counsel having flagged the issue, it was not reasonable to file the TAC without researching the relevant case law.

is reminded of his obligation under Rule 11(b)(2) to ensure that his claims and legal contentions "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Nevertheless, in light of my decision that Plaintiffs' counsel will be responsible for costs should they be imposed in the future, in my discretion I decline to impose sanctions under Rule 11.

## IV. CONCLUSION

For the foregoing reasons, both sides' motions to dismiss pursuant to Rule 12(b)(1) are GRANTED, and the case is dismissed without prejudice. The Clerk of Court is respectfully directed to terminate the pending motions, (Docs. 24, 28), and close the case.

**SO ORDERED.**

Dated: June 11, 2018
 White Plains, New York

_____
 CATHY SEIBEL, U.S.D.J.